**FILED**

AUG 1 2 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  KYLE REARDON
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          CASE NO.  2:13-CR-0309 JAM

                    Plaintiff,
12

13      v.                            **PLEA AGREEMENT**

14 KEON NUNNELLY,                      DATE: July 22, 2014
                                       TIME: 9:45 a.m.
15                  Defendant.         COURT: Hon. John A. Mendez

16

17

18              **I.    INTRODUCTION**

19 **A.    Scope of Agreement**

20      The ~~Information~~ Indictment in this case charges the defendant with a violation of 18 U.S.C. §

21 1591(a)(1), Sex Trafficking of a Minor or by Force, Fraud and Coercion; and 18 U.S.C. §

22 1591(a)(2), Participating in a Sex Trafficking Venture.  This document contains the

23 complete plea agreement between the United States Attorney's Office for the Eastern

24 District of California (the "government") and the defendant regarding this case.  This plea

25 agreement is limited to the United States Attorney's Office for the Eastern District of

26 California and cannot bind any other federal, state, or local prosecuting, administrative, or

27 regulatory authorities.

28

                            1                    PLEA AGREEMENT
                                        United States v. Keon Nunnelly
                                        2:13-CR-0309 JAM

**B.    Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.    DEFENDANT'S OBLIGATIONS

**A.    Guilty Plea**

The defendant will plead guilty to Sex Trafficking of a Minor or by Force, Fraud and Coercion, in violation of 18 U.S.C. § 1591(a)(1).  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal

1  Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules
2  are inconsistent with this paragraph or with this Agreement generally.

3        The defendant acknowledges that the crime to which he is pleading guilty is listed
4  in 18 U.S.C. § 3143(a)(2), and agrees not to make any motion for release following his
5  entry of plea.

6        **B.    Fine**

7        The defendant agrees to pay a fine as ordered by the Court.

8        **C.   Special Assessment**

9        The defendant agrees to pay a special assessment of $100 at the time of sentencing
10  by delivering a check or money order payable to the United States District Court to the
11  United States Probation Office immediately before the sentencing hearing. The defendant
12  understands that this plea agreement is voidable at the option of the government if he
13  fails to pay the assessment prior to that hearing. If the defendant is unable to pay the
14  special assessment at the time of sentencing, he agrees to earn the money to pay the
15  assessment, if necessary by participating in the Inmate Financial Responsibility Program.

16        **D.    Forfeiture**

17        The defendant agrees to forfeit to the United States voluntarily and immediately all
18  of his right title and interest to any and all assets subject to forfeiture pursuant to 18
19  U.S.C. § 2253.

20        The defendant knowingly and voluntarily waives his right to a jury trial on the
21  forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional,
22  legal and equitable defenses to the forfeiture of these assets in any proceeding. The
23  defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense
24  under the Eighth Amendment to the United States Constitution, including any claim of
25  excessive fine, to the forfeiture of the assets by the United States, the States of California
26  or its subdivisions.

27        The defendant waives oral pronouncement of forfeiture at the time of sentencing,
28  and any defects that may pertain to the forfeiture.

PLEA AGREEMENT
United States v. Keon Nunnelly
2:13-CR-0309 JAM

**E.    Sex Registration/DNA Testing**

The defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA),1 and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.  The defendant also understands and agrees that as a consequence of his convictions he will be ordered to submit to the collection of his DNA.

**F.    Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph.  Any prosecutions that are not time-

1   barred by the applicable statute of limitations as of the date of this plea agreement may be

2   commenced in accordance with this paragraph, notwithstanding the expiration of the

3   statute of limitations between the signing of this plea agreement and the commencement

4   of any such prosecutions.  The defendant agrees not to raise any objections based on the

5   passage of time with respect to such counts including, but not limited to, any statutes of

6   limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of

7   the Sixth Amendment to any counts that were not time-barred as of the date of this plea

8   agreement.

## III.     THE GOVERNMENT'S OBLIGATIONS

### A.   Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the Indictment against the defendant.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.F (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B.   Recommendations

#### 1.   Incarceration Range

The government will recommend that the defendant be sentenced to no more than the low end of the applicable guideline range for his offense, as determined by the Court.

#### 2.   Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.   Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

    1.   Sex Trafficking of Children, or by Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2):

      a.   the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person by any means;

      b.   the defendant did so knowing that the person had attained the age 14, but not more than 18, and would be caused to engage in a commercial sex act; and

      c.   the defendant's actions of recruiting, enticing, harboring, transporting, providing, or obtaining, were in and affecting interstate commerce.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

**A.   Maximum Penalty**

The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1591(a)(1), Sex Trafficking of Children, or by Force, Fraud, and Coercion is no less than 10 years and up to life imprisonment, a fine of $250,000, and life term of supervised release. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state

6

1  assistance and/or benefits, pursuant to 21 U.S.C. § 862.  By signing this plea agreement,
2  the defendant also agrees that the Court can order the payment of restitution for the full
3  loss caused by the defendant's wrongful conduct.  The defendant agrees that the
4  restitution order is not restricted to the amounts alleged in the specific counts to which the
5  defendant is pleading guilty.  The defendant further agrees, as noted above, that he will
6  not attempt to discharge in any present or future bankruptcy proceeding any restitution
7  imposed by the Court.

8  **B.    Violations of Supervised Release**

9  The defendant understands that if he violates a condition of supervised release at
10 any time during the term of supervised release, the Court may revoke the term of
11 supervised release and require the defendant to serve no less than two additional years of
12 imprisonment.  The defendant also understand that if he commits any felony offense
13 under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the
14 Court shall revoke the term of supervised release and require the defendant to serve a
15 term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) without regard
16 to the exceptions contained therein.

17 **VI.    SENTENCING DETERMINATION**

18 **A.    Statutory Authority**

19 The defendant understands that the Court must consult the Federal Sentencing
20 Guidelines and must take them into account when determining a final sentence.  The
21 defendant understands that the Court will determine a non-binding and advisory
22 guideline sentencing range for this case pursuant to the Sentencing Guidelines and must
23 take them into account when determining a final sentence.  The defendant further
24 understands that the Court will consider whether there is a basis for departure from the
25 guideline sentencing range (either above or below the guideline sentencing range) because
26 there exists an aggravating or mitigating circumstance of a kind, or to a degree, not
27 adequately taken into consideration by the Sentencing Commission in formulating the
28 Guidelines.  The defendant further understands that the Court, after consultation and

consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Guideline Calculations**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

      1.    **Offense Level:**

           a.    Base Offense Level: The base offense level is 30.  See U.S.S.G. § 2G1.3(a)(2).

           b.    Specific Offense Characteristics:

               1)    Two levels are added because a participant unduly influenced a minor to engage in prohibited sexual conduct.  Id. at (b)(2)(B).  This specific offense characteristics is based on the fact that the defendant is more than 10 years older than the victim.  See Application Note (3)(B).

               2)    Two levels are added because the offense involved a commercial sex act.  Id. at (b)(4).

      2.    **Total Offense Level:** The total offense level is 34.

      3.    **Adjustments:**

           a.    Acceptance of Responsibility:  See paragraph III(B)(2) above.

           b.    The parties stipulate that the United States cannot prove by a preponderance of evidence the facts to support a five-level increase under U.S.S.G. § 4B1.5(b)(1), and that it should not apply in this case.

           c.    Adjusted Offense Level: The parties anticipate that the adjusted offense level is 31.

      4.    **Criminal History**

The defendant's criminal history will be determined by the United States Probation Office.  The parties anticipate that the defendant criminal history category is IV.  The parties anticipate that the guideline sentencing range in this case will be 151 to 188 months.

      5.    **Departures or Other Enhancements or Reductions**

The parties anticipate a guideline range of 151 to 188 months.  Except as agreed

1 | herein, the parties stipulate and agree that they will not seek or argue in support of any
2 | other specific offense characteristics, Chapter Three adjustments (other than the decrease
3 | for "Acceptance of Responsibility"), or cross-references. The defendant is permitted to
4 | make an argument in mitigation pursuant to 18 U.S.C. § 3553. The government
5 | specifically reserves the right to oppose any variance under 18 U.S.C. § 3553, and may
6 | respond to any argument for a variance made by the defendant.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights

9 | The defendant understands that by pleading guilty he is waiving the following
10 | constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b)
11 | to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if
12 | necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-
13 | examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack

15 | The defendant understands that the law gives the defendant a right to appeal his
16 | guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas,
17 | however, to give up the right to appeal the guilty plea, conviction, and the sentence
18 | imposed in this case as long as the sentence does not exceed 188 months. The defendant
19 | specifically gives up the right to appeal any order of restitution the Court may impose.

20 | Notwithstanding the defendant's waiver of appeal, the defendant will retain the
21 | right to appeal if one of the following circumstances occurs: (1) the sentence imposed by
22 | the District Court exceeds the statutory maximum; and/or (2) the government appeals the
23 | sentence in the case. The defendant understands that these circumstances occur
24 | infrequently and that in almost all cases this Agreement constitutes a complete waiver of
25 | all appellate rights.

26 | In addition, regardless of the sentence the defendant receives, the defendant also
27 | gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255
28 | or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-

1  waivable claims.

2     Notwithstanding the agreement in paragraph III.A (Dismissals) above that the

3  government will move to dismiss counts against the defendant, if the defendant ever

4  attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his

5  sentence on any of the counts to which he is pleading guilty, the government shall have

6  the rights set forth in paragraph II.F (Defendant's Violation of Plea Agreement) herein.

7     **C.   Waiver of Attorneys' Fees and Costs**

8     The defendant agrees to waive all rights under the "Hyde Amendment," Section

9  617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in

10  connection with the investigation and prosecution of all charges in the above-captioned

11  matter and of any related allegations (including without limitation any charges to be

12  dismissed pursuant to this plea agreement and any charges previously dismissed).

13           **VIII.   ENTIRE PLEA AGREEMENT**

14     Other than this plea agreement, no agreement, understanding, promise, or

15  condition between the government and the defendant exists, nor will such agreement,

16  understanding, promise, or condition exist unless it is committed to writing and signed by

17  the defendant, counsel for the defendant, and counsel for the United States.

18           **IX.   APPROVALS AND SIGNATURES**

19     **A.   Defense Counsel**

20     I have read this plea agreement and have discussed it fully with my client. The

21  plea agreement accurately and completely sets forth the entirety of the agreement. I

22  concur in my client's decision to plead guilty as set forth in this plea agreement.

23
   Dated:   _____        _____
24                                  MICHAEL CHASTAINE
25                                  Counsel for Defendant

26     **B.   Defendant**

27     I have read this plea agreement and carefully reviewed every part of it with my

28  attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my

1  attorney and fully understand my rights with respect to the provisions of the Sentencing

2  Guidelines that may apply to my case.  No other promises or inducements have been made

3  to me, other than those contained in this plea agreement.  In addition, no one has

4  threatened or forced me in any way to enter into this plea agreement.  Finally, I am

5  satisfied with the representation of my attorney in this case.

6
   Dated:  _8/12/14_____         _____
7                                             KEON NUNNELLY, Defendant

8

9      **C.    Attorney for the United States**

10         I accept and agree to this plea agreement on behalf of the government.

11  Dated: May 7, 2014                    BENJAMIN B. WAGNER
                                          United States Attorney
12

13                                    By:  /s/ KYLE REARDON
                                          KYLE REARDON
14                                        Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

<u>The January 2013 Arrest of Keon Nunnelly</u>

On January 13, 2013, Sacramento Police stopped a car being driven by the defendant. In the car was a 16-year-old female (hereinafter "Victim"). Officers conducted a record check and learned that the defendant was on searchable parole with the California Department of Corrections and Rehabilitation (CDCR). Officers searched his phone and found numerous text messages discussing prostitution. Officers conducted a record check on the phone number and located a prostitution ad on Myredbook.com; the photos accompanying the ad were of the Victim.

Myredbook.com is an internet-based prostitution website. Advertisements posted on Myredbook.com are in and affecting interstate commerce.

<u>April 2013 Investigation of Victim's Myredbook Advertisements</u>

On April 8, 2013, Sacramento Police Detectives conducted a search on Myredbook.com. Police found a prostitution ad for the Victim on Myredbook.com dated April 6, 2013. The ad had 5 photos of the Victim dressed in white lingerie. Eight days later, detectives located a second ad dated April 14, 2013. The second ad had 6 photos of the minor victim; four of the photos showed her dressed only in white underwear with her breasts exposed.

Detectives contacted the phone number in the second ad and made a date with the female who answered. At the time of the date, officers observed the defendant's Lexus enter the motel parking lot. The Victim got out and went to the date, where she was arrested.

Police officers stopped the driver of the Lexus and identified her as codefendant Kia Moore. Located on Moore's phone was a contact number for the defendant. A picture of the defendant was associated with that saved contact.

A-1

PLEA AGREEMENT<br>United States v. Sharon King<br>2:13-CR-0309 JAM

1    Search of the Defendant's Residence

2        A parole search was done at the defendant's residence. During this search, indicia of
3    prostitution, including handwritten text for Myredbook advertisements, hand written
4    notes for how to pose for photographs, and motel room keys, were located. On one of the
5    sheets of paper was written "Dazzle Bunny7" and "Daisylove". Both of these were names
6    used by the Victim in her Myredbook.com prostitution ads.

7        April 17, 2013 Stop

8        On April 17, 2013, the defendant and codefendant Sharon King were stopped while
9    the King was driving the defendant's car. The defendant was taken into custody on an
10   outstanding warrant. A phone belonging to the defendant was found in King's possession.
11   During a search of the vehicle, a second cellular phone was located in a purse belonging to
12   King. Located on the phones were contacts for the defendant and Moore. Checks for both
13   of the phones linked them to Myredbook.com ads for both King and Moore. In addition,
14   the defendant's phone contained text messages from the Victim discussing prostitution.

15       Anaheim Police Department Operation

16       On June 17, 2013, Sacramento detectives were searching Myredbook.com looking
17   for postings of the Victim. Detectives located an ad dated June 16, 2013, in Anaheim,
18   California for the Victim that contained 5 photos of the victim. Anaheim Police called the
19   number on the ad and made a date with a female. Investigators later saw the defendant
20   and King leave a Quality Inn motel in Anaheim in a vehicle King had rented in
21   Sacramento, and travel to the site of the date. This motel was used by interstate
22   travelers. King was arrested after agreeing with the undercover officer to engage in
23   prostitution; she had $1400 on her at the time of her arrest. The defendant was followed
24   away from the motel parking lot and stopped by marked units with the Anaheim Police
25   Department. During a search of the vehicle, $1896 was located in the center console of the
26   car. These monies were earned as a result of prostitution by the Victim, King, and Moore.

27       After detaining the defendant and King, investigators returned to the Quality Inn
28   where they had observed the defendant and King previously. They went to the room

PLEA AGREEMENT
United States v. Keon Nunnelly
2:13-CR-0309 JAM

1   rented by the defendant and located the Victim on the balcony. Moore was eventually
2   located in the parking lot to the west of the Quality Inn.

3          Throughout this time, the defendant was the Victim's pimp. In that role, the
4   defendant managed the Victim, providing directions on when and where she should work,
5   transporting her to dates with customers, providing protection, and providing security.
6   The defendant knew that she was a minor and would be caused to engage in commercial
7   sex acts.

8

9          I have read and carefully reviewed the Factual Basis for Plea with my attorney. I
10  agree that as it concerns my conduct it is correct. I also agree that if this matter
11  proceeded to trial, the United States could establish each of the facts contained within the
12  Factual Basis for Plea beyond a reasonable doubt, and that those facts satisfy the
13  elements of the offense to which I am pleading guilty.

14  Dated: 8/12/14

15

16                                        _Keon Nunnelly_____
                                          KEON NUNNELLY
17                                        Defendant

18

19

20

21

22

23

24

25

26

27

28